# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02017

CARRICK-HARVEST, LLC d/b/a VERITAS FINE CANNABIS,
a Colorado limited liability company,

                                       Plaintiff,

v.

VERITAS FARMS, INC., a Nevada corporation;
271 LAKE DAVIS HOLDINGS, LLC d/b/a VERITAS FARMS,
a Delaware limited liability company,

                                       Defendants.

---

## FIRST AMENDED COMPLAINT
## DEMAND FOR JURY TRIAL

---

Plaintiff Carrick-Harvest, LLC d/b/a Veritas Fine Cannabis ("Plaintiff") for its First Amended Complaint against Defendants Veritas Farms, Inc. and 271 Lake Davis Holdings, LLC d/b/a Veritas Farms (collectively, "Defendants"), hereby states and alleges as follows:

### NATURE OF THE CASE

1. This is an action for trademark infringement, false designation of origin, unfair competition, cybersquatting and declaratory relief arising out of a competitor's bad faith use of nearly identical and confusingly similar trademarks, creating and causing actual confusion in the marketplace.

2. Plaintiff's senior use in commerce of its VERITAS trademark to provide informational services about cannabis since September 2016 predates and thus precludes under federal and state law Defendants' knowing, intentional and willful use of VERITAS FARMS in connection with similar products, to the same or substantially similar trade channels and in the same markets as Plaintiff.

1

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business located at 4705 Oakland Street, Unit A, Denver, Colorado.

4. Upon information and belief, Defendant Veritas Farms, Inc. is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 8648 Lake Davis Road, Pueblo, Colorado.

5. Upon information and belief, Defendant 271 Lake Davis Holdings, LLC d/b/a/ Veritas Farms ("271 Lake Davis") is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 8648 Lake Davis Road, Pueblo, Colorado. Upon information and belief, 271 Lake Davis is a wholly-owned subsidiary of Defendant Veritas Farms, Inc.

6. This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1125 et seq., 28 U.S.C. § 1338(a) and the Anti-Cybersquatting Protection Act ("ACPA"), 15 U.S.C. § 1125(d). This Complaint also alleges violations of state law. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(b) because Defendants have their principal place of business in this district and a substantial part of the events giving rise to the claims occurred in this district.

8. This Court has personal jurisdiction over Defendants because Defendants have their principal place of business in this district and they are entities registered to conduct business in the State of Colorado. Also, Defendants have availed themselves of the laws of, and directed activities at, the State of Colorado in connection with the wrongful activities alleged in this Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Plaintiff's Trademark Rights

9. Plaintiff is the exclusive owner of all rights in and to the VERITAS trademark, which Plaintiff has been using continuously in commerce since at least September 2016 in connection with providing information about cannabis and cannabis products, including, without

2

limitation, through its website at <veritascannabis.com>. In addition to the foregoing, Plaintiff operates a blog under its VERITAS trademark at <veritascannabis.com/weed-words>. These informational services are permitted under federal law and are offered separately and independently from any products offered for sale by Plaintiff at <veritascannabis.com>. Plaintiff also sells hats, t-shirts, sweatshirts, lighters, ash trays, stickers and other similar items incorporating its VERITAS trademark.

10. Plaintiff also uses the following "V" as a design mark ("V Design Mark") in connection with all of the aforementioned goods and services:



11. Also Plaintiff uses in commerce the V Design Mark in combination with its VERITAS mark (the V Design Mark and VERITAS mark are referred to collectively herein as the "Veritas Marks") in connection with all of the aforementioned goods and services as follows:



12. Plaintiff currently has the following trademark applications pending with the United States Patent and Trademark Office ("USPTO") for the Veritas Marks:

    a. VERITAS, Serial No. 88809088, filed on February 25, 2020, in Class 34 for "lighters for smokers" and "ashtrays," for which a Statement of Use ("SOU") was filed in the USPTO on August 29, 2020, the SOU was accepted by the USPTO on September 29, 2020, and the registration will issue imminently;

    b. VERITAS, Serial No. 88805285, filed on February 21, 2020, in Class 44, as amended, for "providing agricultural information about cannabis and cannabis strains;

3

providing a website featuring information relating to the therapeutic benefits of cannabis; providing a website containing agricultural news and information about cannabis and cannabis infused products."

        c.      VERITAS, Serial No. 88805282, filed on February 21, 2020, in Class 41, as amended, for "providing a website containing current events news and information about cannabis, cannabis infused products and smoker's articles."

        d.      VERITAS, Serial No.88978252, has an effective filing date of February 21, 2020, in class 35, as amended, for "providing a website containing consumer product news and information about cannabis, cannabis infused products, and smoker's articles."

        e.      V͞ VERITAS, Serial No. 88805931, filed on February 21, 2020, in Class 35, as amended, for "providing consumer information in the field of marijuana, cannabis and cannabis-infused products," for which Plaintiff filed its SOU in the USPTO on September 3, 2020, alleging a first use date of September 30, 2016, the SOU was accepted by the USTPO on September 29, 2020, and the registration will issue imminently.

        f.      The V Design Mark, Serial No. 88806205, filed on February 21, 2020, containing three classes of goods and services, particularly, Class 35 for "providing a website containing consumer product news and information about cannabis, cannabis infused products and smoker's articles," Class 41 "providing a website containing current events news and information about cannabis, cannabis infused products and smoker's articles" and Class 44 for "providing a website containing medical news and information about cannabis, cannabis infused products and smoker's articles; providing a website containing agricultural news and information about cannabis and cannabis infused products."

    13.    Although Plaintiff has been providing informational services using its Veritas Marks in connection with its website at <veritascannabis.com> since September 2016, Plaintiff filed each of its USPTO applications pursuant to Section 1(b) of the Trademark Act ("Section 1(b)") in order to obtain a filing date quickly while it investigated the extent of confusion caused by Defendant and resulting damages to the Veritas Marks.

4

14. In addition to the foregoing, on June 26, 2020, Plaintiff filed a trademark application with the USPTO for VERITAS, Serial No. 90022561, in Class 34 for "pre-rolled hemp flower for smoking; Hemp for smoking or vaporizing; Hemp cigarettes; Hemp cigars; Pre-packaged hemp flower for smoking or vaporizing." This application was filed under Section 1(b), and Plaintiff currently is developing these products and anticipates a first sale date of no later than January 1, 2021.

15. Plaintiff has invested significant monies in promoting, marketing and advertising its goods and services under its Veritas Marks. Its extensive use of the Veritas Marks has created a strong, distinctive and identifiable brand that carries substantial goodwill in the marketplace.

### Defendants' Unlawful Activities

16. Upon information and belief, Defendants use the mark VERITAS FARMS in connection with cannabis-related goods and services, including to provide information about cannabis and cannabis products at their websites located at <theveritasfarms.com> and <theveritaswellness.com>.

17. Upon information and belief, the <theveritasfarms.com> domain was created on March 16, 2018 and the <theveritaswellness.com> domain was created on October 10, 2018.

18. Upon information and belief, Defendants own and/or control the domain <myveritasfarms.com>, which was created on October 29, 2019, although Defendants currently do not maintain any content on that website.

19. The three domain names, <theveritasfarms.com>, <theveritaswellness.com> and <myveritasfarms.com> will be referred to collectively herein as the "Infringing Domains."

20. Upon information and belief, 271 Lake Davis has filed at least four trademark applications with the USPTO to register VERITAS FARMS as follows:

a. VERITAS FARMS, Serial No. 88366575, filed on April 1, 2019 in Class 5, as amended, for "herbal extracts for medicinal purposes, namely, tinctures, salves, and lotions, all the foregoing containing hemp extract," "non-medicated herbal body care products, namely, body oils, salves, and lip balms, all the foregoing containing hemp extract," "nutraceuticals for use as a dietary supplement containing hemp extract," "nutritional supplements in the form of capsules,

5

and gummies, all the foregoing containing hemp extract," and "dietary supplements for pets containing hemp extract" pursuant to Section 2(a) of the Trademark Act, claiming a first use date of July 19, 2018. Upon information and belief, on March 12, 2020, this application was refused registration by the USPTO for, among other reasons, because the products listed in it are illegal under the Federal Food, Drug, and Cosmetic Act ("FDCA").

b.  VERITAS FARMS, Serial No. 88400810, filed on April 24, 2019 in Class 5 for "dietary supplements for pets" pursuant to Section 1(b). Upon information and belief, on May 6, 2020, this application was refused registration by the USPTO for, among other reasons, because the products listed in it are illegal under the FDCA and because the products are illegal under the Controlled Substances Act, 21 U.S.C. §§801-971 ("CSA").

c.  VERITAS FARMS, Serial No. 87926100, which was given an effective date of December 20, 2018 by the USPTO in Class 31, as amended, for "raw unprocessed hemp with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis" and Class 40 for "manufacturing services for others in the field of processing hemp with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis" pursuant to Section 1(b). Plaintiff requested an extension of time from the USPTO to oppose this trademark application.

d.  The following stylized V trademark ("Stylized V Mark," together with VERITAS FARMS, the "Infringing Marks"), which was given an effective date of December 20, 2018 by the USPTO, and for which trademark application Plaintiff requested an extension of time to oppose:



21.  Upon information and belief, Defendants adopted the Stylized V Mark on their product packaging in or about October 2018, but such use in commerce remains illegal for most of Defendants' products in the United States. Upon information and belief, Defendants began use

the Stylized V Mark for informational services in late 2018. Also upon information and belief, Defendants intentionally selected the Stylized V Mark in order to create consumer confusion with Plaintiff's V Design Mark, particularly based on its use in combination with VERITAS FARMS.

22. VERITAS FARMS is similar to Plaintiff's VERITAS mark in appearance, sound and commercial impression. In addition, because Defendants use VERITAS FARMS in connection with the sale of cannabis products and in the provision of information about cannabis and cannabis products, there is a likelihood of confusion between VERITAS FARMS and VERITAS.

23. In addition, Defendant's Stylized V Mark is similar to Plaintiff's V Design Mark in appearance and commercial impression, and because Defendant's use the Stylized V Mark in connection with the sale of cannabis products and in the provision of information about cannabis and cannabis products, there is a likelihood of confusion between Defendant's Stylized V Mark and Plaintiff's V Design Mark.

24. The combination of using VERITAS FARMS in conjunction with the stylized V Mark has created, and continues to create, consumer confusion in the marketplace.

25. Upon information and belief, consumers on social media websites and other information service channels have mistakenly tagged Plaintiff as Defendants, that is, such consumers have included the hashtag "#veritasfarms" when referring to Plaintiff, thus demonstrating actual confusion in the marketplace with respect to the VERITAS Marks.

26. Upon information and belief, Defendant Veritas Farms, Inc. changed its name from SanSal Wellness Holdings, Inc. to "Veritas Farms Inc.," which it announced in a press release on or about February 5, 2019 in connection with a public offering, a true and correct copy of which is attached hereto as Exhibit A.

27. Also upon information and belief, Defendants intentionally and willfully selected the Infringing Marks, and Defendant Veritas Farms, Inc. implemented the name change in order to wrongfully trade on and benefit from the substantial goodwill Plaintiff has obtained in its Veritas Marks.

7

28. Defendants' websites use the Infringing Marks to provide information to consumers about cannabis. Defendants' use of these websites to provide information about cannabis causes actual confusion in the marketplace.

29. Upon information and belief, any goods offered for sale by Defendants prior to December 20, 2018 were illegal under federal law, and further upon information and belief, the sale of such goods remains illegal today, as determined by the USPTO in the office actions referenced above.

30. To the extent that Defendants currently provide any goods or services that are permitted under United States law, Defendants began doing so subsequent to Plaintiff's provision of information regarding cannabis on Plaintiff's website and blog.

31. Also to the extent that any of Defendants' current offering of goods or services are legal, they fall within Plaintiff's zone of natural expansion and thus are precluded under the Lanham Act. For example, Plaintiff has provided information about cannabis on its website for many years, and it is well within Plaintiff's zone of natural expansion to expand to the sale of smokeable hemp, which is legal in the United States.

32. Because Plaintiff's Veritas Marks are strong, arbitrary, and fanciful, there is a customer perception, based on Plaintiff's current offering of goods and services, that Plaintiff likely will expand into offering goods and services similar to the goods and services currently offered by Defendants. Alternatively, Plaintiff's Veritas Marks have acquired secondary meaning over its longstanding use, and there is a customer perception, based on Plaintiff's current offering of goods and services, that Plaintiff likely will expand into offering goods and services similar to the goods and services currently offered by Defendants.

33. Defendants' use of the Infringing Marks is likely to cause, and does in fact cause, consumer confusion with Plaintiff's senior use of its Veritas Marks in connection with Plaintiff's informational services and Plaintiff's pending launch of smokeable hemp products under the Veritas Marks in the United States.

34. Since discovering Defendants' use of the Infringing Marks and Infringing Domains, Plaintiff has demanded that Defendants cease and desist from using the Infringing Marks

and Infringing Domains.

35. Despite Plaintiff's repeated demands, Defendants continue to utilize the Infringing Domains and offer for sale and sell products and services utilizing the Infringing Marks.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement
### (15 U.S.C. § 1125(a))
### (Against All Defendants)

36. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff owns common law trademark rights in the Veritas Marks and the marks are protectable under 15 U.S.C. § 1125(a) and under common law for providing information about cannabis on its website and in its blog.

38. In addition to the foregoing, Plaintiff also has common law trademark rights in the Veritas Marks in connection with the sale of t-shirts, lighters and ashtrays. Given Plaintiff's broad range of products and services provided under these marks, there is a substantial likelihood of confusion between the Veritas Marks and the Infringing Marks because Defendants offer their goods and services in the same channels of trade as Plaintiff, including but not limited to customers of CBD and other cannabis products.

39. At all relevant times hereto, Defendants used and/or are using the Infringing Marks and the Infringing Domains in competition with Plaintiff in commerce, *inter alia*, by providing information about cannabis, and such use is likely to cause confusion, or to cause mistake, or to deceive.

40. Defendants' acts of trademark infringement were undertaken with knowledge of Plaintiff's marks and have been willful, deliberate and in bad faith.

41. Defendants' acts of trademark infringement have proximately caused damage to Plaintiff. Defendants' conduct has caused Plaintiff to suffer damages in an amount consisting of Defendants' unlawful profits from use of the Infringing Marks and the Infringing Domains.

**SECOND CLAIM FOR RELIEF**
**False Designation of Origin and Unfair Competition**
**(15 U.S.C. § 1125(a))**
**(Against All Defendants)**

42. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

43. Defendants have been using the Infringing Marks and the Infringing Domains in connection with their sale, offer for sale and advertising of cannabis-related goods and services. The Infringing Marks and the Infringing Domains are identical or confusingly similar to Plaintiff's Veritas Marks, which are non-functional and inherently distinctive.

44. Defendants' use of the Infringing Marks and the Infringing Domains constitutes a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' business with another person, or as to the origin, sponsorship, or approval of their goods, services or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

45. Defendants conduct their use of the Infringing Marks and the Infringing Domains in commerce without authorization or consent by Plaintiff. Defendants' conduct is intended to divert, and likely will divert, potential customers away from Plaintiff.

46. Plaintiff has no control over the nature and quality of the goods and/or services that may be provided by Defendants.

47. Defendants' infringement of Plaintiff's marks, especially in connection with goods and services similar to those of Plaintiff, dilutes and devalues Plaintiff's marks.

48. Defendants' use of the Infringing Marks and the Infringing Domains in connection with their sale, offer for sale and advertising of competing goods and services with knowledge of Plaintiff's trademark rights renders Defendants' trademark infringement willful.

49. Defendants' acts of trademark infringement have proximately caused damage to Plaintiff. Defendants' conduct has caused Plaintiff to suffer damages in an amount consisting of Defendants' unlawful profits from use of the Infringing Marks and the Infringing Domains.

## THIRD CLAIM FOR RELIEF
### Cybersquatting
### (15 U.S.C. § 1125(d))
### (Against All Defendants)

50. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff is the owner of all right, title and interest in VERITAS. Because the mark is fanciful or arbitrary, VERITAS is inherently distinctive and Plaintiff's common law rights arose at the time of its first use in commerce in or about September 2016, prior to Defendants' registration and use of the Infringing Domains.

52. The Infringing Domains are identical or confusingly similar to Plaintiff's VERITAS mark and Defendants registered the Infringing Domains in bad faith based on their prior knowledge of Plaintiff's trademark rights and deliberate selection of the Infringing Domains in order to cause initial interest confusion for commercial gain.

53. Defendants' use of the Infringing Domains at all times has been an intentional and willful attempt to profit in bad faith from Plaintiff's mark. Defendants have no trademark rights in Plaintiff's mark or the Infringing Domains, and Defendants deliberately selected the Infringing Domains in order to cause initial interest confusion for commercial gain in competition with Plaintiff's offering of similar goods and services, particularly in combination with the Infringing Marks.

54. Upon information and belief, Defendants are not entitled to the 15 U.S.C. § 1125(d)(1)(B)(ii) safe harbor because they neither subjectively believed nor had objectively reasonable grounds to believe that their unlawful use of the Infringing Domains constituted fair use or was otherwise lawful.

55. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the following relief: (a) transfer to Plaintiff or cancellation of the Infringing Domains; (b) damages consisting of Defendants' wrongful profits in amounts to be proven at trial; and (c) maximum statutory damages of $100,000.00 per domain. Plaintiff also seeks an award of its reasonable attorneys' fees and costs under 28 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)
### (Against All Defendants)

56. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

57. Defendants' actions constitute unfair competition under applicable state common law, in that the Infringing Marks and the Infringing Domains are deceptively similar to Plaintiff's marks and Plaintiff's domain name and Defendants' use of the Infringing Marks and the Infringing Domains is creating or increasing confusion between goods and services provided by Plaintiff and Defendant, to the detriment of Plaintiff and the public.

58. Defendants' use of the Infringing Marks and the Infringing Domains is likely to mislead consumers—and has in fact misled consumers—as to the separate origin of related goods and services and to damage Plaintiff's goodwill and business reputation.

59. Defendants' conduct, as herein alleged, as caused, and unless restrained and enjoyed, will continue to cause irreparable harm to Plaintiff that cannot adequately be compensated or measured by monetary damages alone. Plaintiff has no adequate remedy at law. Plaintiff therefore is entitled to permanent injunctive relief preventing Defendants from continuing to infringe and trade on Plaintiff's marks.

60. As a direct and proximate result of Defendants' conduct, as hereinabove alleged, Plaintiff has suffered and will continue to suffer damages consisting of Defendants' wrongful profits, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Superior Trademark Rights)
### (Against All Defendants)

61. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

62. A dispute and actual controversy has arisen between Plaintiff and Defendants as to the respective rights of the parties regarding the questions of whether: (i) Plaintiff is the senior user of its Veritas Marks; (ii) Defendants' Infringing Marks and Infringing Domains infringe on

Plaintiff's valid, enforceable and senior trademark rights; and (iii) Defendant 271 Lake Davis' registration of the Infringing Marks in the USPTO is precluded under 15 U.S.C. § 1052(d) based on a likelihood of confusion between Plaintiff's Veritas Marks and Defendants' Infringing Marks.

63. Defendants' conduct is directly and proximately causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and Defendants' conduct will continue to both damage and cause irreparable harm and injury to Plaintiff and to confuse the public unless an Order is issued by this Court declaring Plaintiff as having superior trademark rights in and to the Veritas Marks and its <veritascannabis.com> domain name.

64. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, the Plaintiff seeks an Order from this Court declaring: (i) Plaintiff has superior trademark rights in and to the Veritas Marks and its <veritascannabis.com> domain name; (ii) Defendants' Infringing Marks and Infringing Domains infringe on Plaintiff's valid, enforceable and senior trademark rights; and (iii) Defendant 271 Lake Davis' registration of the Infringing Marks in the USPTO is precluded under 15 U.S.C. § 1052(d) based on a likelihood of confusion between Plaintiff's Veritas Marks and Defendants' Infringing Marks.

65. A judicial determination is necessary and appropriate at this time and under the circumstances so that the parties may ascertain their rights and duties.

66. Plaintiff further requests an award of its reasonable attorneys' fees and costs pursuant to the "exceptional case" standard of 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

A. An Order entering judgment in favor of Plaintiff affirming that Plaintiff is the lawful owner of the Veritas Marks;

B. An Order declaring that (i) Plaintiff has superior trademark rights in and to the Veritas Marks and its <veritascannabis.com> domain name; (ii) Defendants' Infringing Marks and Infringing Domains infringe on Plaintiff's valid, enforceable

      and senior trademark rights; and (iii) Defendant 271 Lake Davis' registration of the Infringing Marks in the USPTO is precluded under 15 U.S.C. § 1052(d) based on a likelihood of confusion between Plaintiff's Veritas Marks and Defendants' Infringing Marks.

C.     An Order awarding Plaintiff its damages in an amount consisting of Defendants' unlawful profits from use of the Infringing Marks and Infringing Domains in an amount to be proven at trial;

D.     An Order directing transfer or cancellation of the Infringing Domains pursuant to 15 U.S.C. § 1125(d)(1)(C);

E.     An Order awarding Plaintiff a preliminary and permanent injunction against Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them, from using the Infringing Marks, the Infringing Domain Names or any other name or mark or domain name that is likely to cause confusion, to cause mistake, or to deceive with respect to Plaintiff's Veritas Marks;

F.     An Order awarding Plaintiff maximum statutory damages under 15 U.S.C. § 1117(d) of $300,000.00 for the three Infringing Domains; An Order awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

G.     Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demand a jury trial on all appropriate issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED:  October 1, 2020

        **RESPECTFULLY SUBMITTED,**

*/s/ Sharon A. Urias*
Sharon A. Urias
**GREENSPOON MARDER LLP**
8585 E. Hartford Drive, Ste. 700
Scottsdale, AZ  85255
Telephone:  480.306.5458
Email:  sharon.urias@gmlaw.com

*/s/ Stuart Knight*
Stuart Knight
**GREENSPOON MARDER LLP**
1144 15th Street, Suite 2700
Denver, CO 80202
Telephone:  303.665.0860
Email:  stuart.knight@gmlaw.com

*Attorneys for Plaintiff Carrick-Harvest, LLC d/b/a Veritas Fine Cannabis*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

  /s/ Lauren Fuller