**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02017-RM

CARRICK-HARVEST, LLC d/b/a VERITAS FINE CANNABIS,
a Colorado limited liability company,

    Plaintiff,

v.

VERITAS FARMS, INC., a Nevada corporation;
271 LAKE DAVIS HOLDINGS, LLC d/b/a VERITAS FARMS,
a Delaware limited liability company,

    Defendants.

_____

**MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A**
**CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12**

_____

# TABLE OF CONTENTS

I.     INTRODUCTION ..................................................................................... 1

II.    BACKGROUND ....................................................................................... 2

III.   THE APPLICABLE LAW ....................................................................... 4

IV.   ARGUMENT ............................................................................................ 5

A.    Plaintiff's Business And Products Are Illegal Under Federal Law And Not Eligible For Trademark Protection Under the Lanham Act. .................................................................................... 6

B.    Plaintiff's Priority Claim Fails As A Matter of Law. ......................... 7

C.    Plaintiff Fails To State A Claim For Trademark Infringement Under the Lanham Act (Count I). ...................................................... 8

1.   Plaintiff Alleges Facts That Demonstrate No Common Law Trademarks Exist. ................................................................ 8

2.   Plaintiff Has Not Sufficiently Pled That The Defendant Has Used An Identical or Similar Mark In Commerce. .............................................. 13

3.   Plaintiff Has Not Sufficiently Pled That Defendant's Use Is Likely To Confuse Consumers. ............................................................ 14

D.    Plaintiff Has Failed To State A Claim for Violation Of The Anti-Cybersquatting Consumer Protection Act Under 15 U.S.C. § 1125(d) (Count III). ................................................................ 18

E.    Plaintiffs Are Not Entitled To A Declaratory Judgment Because There Is No Justiciable Dispute Between The Parties (Count V). ............................................................................................ 19

F.    Plaintiff Has Failed To State Claims For False Designation of Origin and Unfair Competition, and Common Law Unfair Competition (Counts II and IV). ................................................... 19

V.   CONCLUSION ....................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

*1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229 (10th Cir. 2013)................................. 5, 14

*Aviva USA Corp. v. Vazirani*, 902 F.Supp.2d 1246 (D. Ariz. 2012). ........................................... 11

*Bay State Savings Bank v. Baystate Financial Svcs.*, 484 F.Supp.2d 205 (D. Mass. 2007)......... 12

*Cleary Bldg. Corp. v. Dame*, 674 F.Supp.2d 1257 (D. Colo. 2009)................................... 5, 18, 20

*Dalkita, Inc. v. Distilling Craft, LLC*, 356 F.Supp.3d 1125 (D. Colo. 2018). .............................. 10

*Davis v. Avvo Inc.*, 345 F.Supp.3d 534 (S.D.N.Y. 2018). ...................................................... 11, 17

*Frost v. ADT, LLC*, 947 F.3d 1261 (10th Cir. 2020). ...................................................................... 4

*Grossman v. Novell, Inc.*, 120 F.3d 1112 (10th Cir. 1997)............................................................. 4

*In re Congoleum Corp.*, 222 USPQ 452, 1984 WL 63046 (TTAB May 29, 1984). ...................... 9

*In re Florists' Transworld Delivery, Inc.*, 119 USPQ2d 1056, 2016 WL 3997062 (TTAB May 11, 2016). .................................................................................................................................. 9

*In re Moore Bus. Forms Inc.*, 24 USPQ2d 1638, 1992 WL 336795 (TTAB Sept. 11, 1992). ....... 9

*Kiva Health Brands LLC v. Kiva Brands Inc.*, Case No. 19-cv-03459, 2020 WL 759409 (N.D. Cal. Feb. 14, 2020). ................................................................................................................... 7

*Moses-El v. Denver*, 376 F.Supp.3d 1160 (D. Colo. 2019). ............................................... 4, 14, 15

*Radiance Foundation, Inc. v. NAACP*, 786 F.3d 316 (4th Cir. 2015). ........................................ 11

*Specht v. Google, Inc.*, 758 F.Supp.2d 570 (N.D. Ill. 2010)........................................................ 10

**Statutes**

15 U.S.C. § 1125(a). ...................................................................................................................... 10

28 U.S.C. § 2201............................................................................................................................ 19

**Other Authorities**

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION ...................................................... 6, 18

RESTATEMENT (THIRD) OF UNFAIR COMPETITION, § 21................................................... 12

TRADEMARK MANUAL OF EXAMINING PROCEDURE ................................................... 9, 12

UNITED STATES PATENT AND TRADEMARK OFFICE, EXAMINATION GUIDE 1-19 (May 2, 2019) .... 8

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................... 1, 5, 20

## I.   INTRODUCTION

This is an intellectual property dispute based on Plaintiff's Carrick-Harvest, LLC d/b/a Veritas Fine Cannabis's (hereinafter "Plaintiff") alleged rights in two unregistered common law trademarks.  Plaintiff has attempted to bring claims against Veritas Farms, Inc. and 271 Lake Davis Holdings d/b/a Veritas Farms (together "Defendants") for trademark infringement under the Lanham Act (Count I), false designation of origin and unfair competition under the Lanham Act (Count II), violation of the Anti-Cybersquatting Consumer Protection Act (Count III), common law unfair competition (Count IV), and a declaratory judgement of superior trademark rights (Count V).  Dkt. No. 25, First Amended Complaint at ¶¶ 36-66 (hereinafter "Amended Complaint").  Plaintiff filed its initial Complaint on July 10, 2020.  Dkt. No. 1.  Defendants filed a Rule 12(b)(6) motion to dismiss the initial Complaint for failure to state a claim on August 24, 2020.  Dkt. No. 14.

Instead of responding to the substantive arguments in Defendants' motion, Plaintiff served its Amended Complaint on October 1, 2020.   Dkt. No. 25.   Plaintiff's Amended Complaint, however, does not plead facts for several elements of the claims alleged by Plaintiff. In addition, Plaintiff's Amended Complaint pleads Plaintiffs out of court by including facts showing that the Plaintiff does not possess the claimed common law trademarks. Accordingly, under Fed. R. Civ. P. 12(b)(6), Plaintiff's Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.  Additionally, the Court should dismiss Plaintiff's Amended Complaint with prejudice because it is clear from Plaintiff's failure to state a claim in its Amended Complaint that any additional amendments would be futile.

## II.    BACKGROUND

Plaintiff is a recreational cannabis wholesaler with a principle place of business in Denver, Colorado that sells marijuana and marijuana-related products through dispensaries located in the State of Colorado.[1]  Defendants understand that Plaintiff's marijuana products are controlled substances under the Title 21 United States Code Controlled Substances Act.  As such, Plaintiff's products are not sold or offered for sale outside the State of Colorado, are not used in interstate commerce, and are not available for sale on Plaintiff's websites <veritascannabis.com>.  The only products available for sale through Plaintiff's website are hats, t-shirts, sweatshirts, lighters, ash trays, stickers and other similar items.  Amended Complaint at ¶ 9.

Defendants are related companies with principle places of business in Ft. Lauderdale, Florida doing business across the United States selling cannabidiol ("CBD") products in major retailers like CVS pharmacy and Kroger.  Defendants' products are in accord with the 2018 Farm Bill and are legal throughout the United States.  Defendants' products have been featured in a variety of well-known publications such as *The New York Times*, *Consumer Reports*, *GQ*, and *Forbes*.  Defendants' products are available for sale through its website, *e.g.* <theveritaswellness.com>.  Defendants sell CBD-related products and hand sanitizer, but do not sell hats, t-shirts, sweatshirts, lighters, ashtrays, stickers, or similar items.[2]

According to the Complaint, Plaintiff claims to own two unregistered common law trademarks, the scope of which cover the entire United States.  Plaintiff makes this claim even

---

[1] *See* www.veritascannabis.com.

[2] *See* www.thevertiaswellness.com.

though Plaintiff only conducts business in the State of Colorado.  Plaintiff alleges its common law trademarks are the "V Design Mark" and the "VERITAS" mark "for providing information about cannabis and cannabis products." Amended Complaint at ¶¶ 9-11. Plaintiff claims Defendants' activities, both inside and outside of Colorado, infringe Plaintiff's rights in these two unregistered common law trademarks.

On October 6, 2020, Plaintiff made amendments to its initial Complaint.[3]  These amendments include an allegation that the sale of products by Plaintiff are separate and independent from the alleged informational services provided by Plaintiff (¶ 9); two paragraphs alleging without specificity that the parties' alleged marks and products offered are similar (¶¶ 22-23); an allegation without specificity that a customer perception exists that Plaintiff will offer goods and services currently offered by Defendants in the future (¶¶ 32, 38); and an allegation without support or specificity that Defendants registered the alleged Infringing Domains in bad faith to cause initial interest confusion (¶ 52).[4]  *See* Dkt. No. 27-1.  As will be discussed more fully below, Plaintiff's Amended Complaint did not fully address Defendants' Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12 and Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

---

[3] Plaintiff amended paragraph 12 of its initial Complaint regarding Statements of Use filed by Plaintiff at the USPTO.  These changes are not substantive, however, because Plaintiff's claims in the instant matter are based on an alleged federal common law trademark.  Dkt. No. 27-1 at ¶ 12.

[4] Plaintiff also amended the initial Complaint to allege its purported common law trademark rights arose on or around September 2016.  Dkt. No. 27-1 at ¶¶ 51-52.  However, as discussed in Section IV.B, Plaintiff cannot have trademark rights in its alleged trademarks prior to December 18, 2018.

### III.    THE APPLICABLE LAW

Failure to state a claim upon which relief may be granted occurs where the complaint "fails to state a claim for relief that is 'plausible on its face.'"  *Moses-El v. Denver*, 376 F.Supp.3d 1160, 1170 (D. Colo. 2019) (citations omitted). When considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), "the Court must accept all well-pleaded allegations in the [] Complaint as true and view those allegations in the light most favorable to the non-moving party." *Id.*  Although the court must take all factual allegations as true, it "discards those averments in the Complaint that are merely legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.*

In addition, Rule 12(b)(6) dismissal is appropriate if the Complaint includes facts that defeat Plaintiff's claims.  Where the Complaint "admit[s] all the elements of [an] affirmative defense," and "'there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery or a trial on the issue raised by the defense' it is appropriate and expedient to dispose of a claim by a motion to dismiss under Rule 12(b)." *Frost v. ADT, LLC*, 947 F.3d 1261, 1267 (10th Cir. 2020) (affirming dismissal of complaint under Rule 12(b)(6) based on contractual provision where complaint alleged facts that defeated claim based on the contractual provision).  Where amendment of a complaint would be futile, it is appropriate for a court to dismiss the complaint with prejudice. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).

## IV.   ARGUMENT

Plaintiff had the opportunity to attempt to correct the pleading deficiencies in its initial Complaint but failed to do so.  The Amended Complaint fails to state a claim upon which relief may be granted as to all Counts.  Thus, the Court should dismiss the entire Amended Complaint under Fed. R. Civ. P. 12(b)(6) with prejudice.  Taking all of the factual allegations as true, the Amended Complaint fails to properly plead facts sufficient to state a cause of action for each of the Counts.  Additionally, in some instances the Amended Complaint pleads facts that, if taken as true, plead the Plaintiff out of court by demonstrating that the Plaintiff has no common law trademark rights in either of its alleged trademarks.  Because the Amended Complaint fails to state a claim upon which relief may be granted for all Counts, the Court should dismiss the entire Complaint under Fed. R. Civ. P. 12(b)(6) with prejudice.

In order to state a claim under the Lanham Act for trademark infringement, the Plaintiff must allege "(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used 'an identical or similar mark' in commerce; and (3) that the defendant's use is likely to confuse consumers." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) (citations omitted).  Similar allegations must be made to state a claim for unfair competition under the Lanham Act and state law unfair competition. *Cleary Bldg. Corp. v. Dame*, 674 F.Supp.2d 1257, 1269-70 (D. Colo. 2009).  In order to properly state a claim for Cybersquatting under 15 U.S.C. § 1125(d), the plaintiff must allege, *inter alia*, the mark acquired distinctiveness prior to registration of the domain name, a protectable interest in the alleged mark, and bad faith intent to profit from the mark. *Id.* at 1263.

A.    **Plaintiff's Business And Products Are Illegal Under Federal Law And Not Eligible For Trademark Protection Under the Lanham Act.**

Even assuming Plaintiff is entitled to the full scope of the common law trademarks it claims (it is not), the alleged trademarks are narrow in scope and do not cover the Defendants' products or business. As a matter of law, the scope of Plaintiff's alleged trademarks do not include Plaintiff's business or products.  The Amended Complaint fails to state a claim for relief because all of the Defendants' alleged infringing activities are outside the scope of the Plaintiff's common law trademarks.

As discussed above, Defendants understand that Plaintiff's marijuana products are controlled substances under the Title 21 United States Code Controlled Substances Act.  As such, Plaintiff's business and products are illegal under Federal Law and cannot obtain Trademark protection under the Lanham Act.

> The Patent and Trademark Office (PTO) views the Lanham Act requirement of "use in commerce" as reading "lawful use in commerce." A sale in interstate commerce in contravention of an Act of Congress is therefore not a lawful use in commerce and furnishes no basis for federal registration of a trademark on such a product

3 McCarthy on Trademarks and Unfair Competition § 19:123 (5th ed.).

Plaintiff attempts to sidestep its inability to obtain Federal trademark rights in its business and products by claiming to own common law Federal trademark rights in the "V Design Mark" and "VERITAS" marks for ***providing information*** about cannabis.  However, even assuming Plaintiff is entitled to the full scope of the common law trademarks it claims (it is not), the alleged trademarks are narrow in scope and not relevant to either Defendant's name or product lines. Plaintiffs would not, on the basis of the common law trademark claim made in the Amended Complaint, be entitled to an injunction or damages for use of the alleged common law

trademark on Defendants' products ***because the alleged trademark does not cover the Defendant's products.*** In other words, even if Plaintiff's common law trademark exists (it does not), Defendants' activities cannot infringe it because it only covers "informational services," a service Defendants do not, and are not even properly alleged to, provide. Indeed, it is unclear what Plaintiff hopes to accomplish with this trademark infringement action, as it cannot prevent Defendants from selling their products or conducting business using the allegedly infringing marks.[5]

There are no allegations or facts in the Amended Complaint that allege any wrongful conduct that is not in connected with Defendants' products. As such, Plaintiff has not identified any conduct by Defendant that could possibly infringe the alleged common law trademarks. Plaintiff's Amended Complaint fails to state a claim for relief and should be dismissed.

### B.      Plaintiff's Priority Claim Fails As A Matter of Law.

In its Amended Complaint, Plaintiff claims that it has been using the alleged trademarks in commerce "since at least September 2016." However, even if true, plaintiff's alleged common law trademark rights cannot extend back to September 2016. Prior to the 2018 Farm Bill, which was signed into law on December 18, 2018, the USPTO refused registration of any application that identified goods or services encompassing CBD or other extracts of marijuana because such goods and services were unlawful under federal law. *See,* UNITED STATES PATENT AND

---

[5] Because Plaintiff's first use of the alleged common law trademark on cannabis-related products was use on federally illegal marijuana products, Plaintiff is not entitled to priority with respect to the alleged common law trademarks. *Kiva Health Brands LLC v. Kiva Brands Inc.*, Case No. 19-cv-03459, 2020 WL 759409 at *9 (N.D. Cal. Feb. 14, 2020) ("it is not the law that a federally illegal use—even if legal under state law—could support a prior use defense to a federal trademark"). Thus, even assuming all of the allegations in the Amended Complaint are true, Defendants are the senior user with respect to using the alleged mark on cannabis-related products, because Defendants' products are not federally illegal.

TRADEMARK OFFICE, EXAMINATION GUIDE 1-19 1-2 (May 2, 2019).[6]   If Plaintiff would have applied for federal trademark registration of its alleged trademarks in "providing information about cannabis" prior to December 18, 2018, Plaintiff's application would have been rejected. As a matter of law, Plaintiff cannot have trademark rights in its alleged trademarks prior to December 18, 2018.

### C.   Plaintiff Fails To State A Claim For Trademark Infringement Under the Lanham Act (Count I).

Despite providing an Amended Complaint, Plaintiff has failed to state a claim under the Lanham Act for trademark infringement because Plaintiff has pled itself out of court.  Plaintiff continues to allege facts that, if taken as true, demonstrate that no common law trademarks exist. Applying Plaintiff's own allegations, the claimed common law trademark for "providing information about cannabis and cannabis products" is not eligible for trademark protection. Specifically, Plaintiff's own allegations demonstrate that the alleged trademark use is incidental to the sale of Plaintiff's goods, not used in interstate commerce, and used on a website that is mere advertising material.   Plaintiff also continues to fail to sufficiently plead that the Defendants have used an identical or similar mark in commerce and that Defendant's use is likely to confuse consumers.

### 1.   Plaintiff Alleges Facts That Demonstrate No Common Law Trademarks Exist.

Plaintiff claims to own common law Federal trademark rights in the "V Design Mark" and "VERITAS" marks for providing information about cannabis.  Amended Complaint at ¶ 37. The basis of Plaintiff's claim is its assertion that it has been "providing information about

---

[6] Available at https://www.uspto.gov/sites/default/files/documents/Exam%20Guide%201-19.pdf.

cannabis and cannabis products" through its website at <veritascannabis.com> since at least 2016. *Id.* at ¶ 9.

> a)  *The Provision of Information About Cannabis And Cannabis Products Through Plaintiff's Website Is Not A Service That Is Protectable As A Federal Common Law Trademark.*

It is well-settled law that, "[p]roviding general information or instructions as to the purpose and uses of applicant's goods is merely incidental to the sale of goods, not a separate informational service," and thus not eligible for trademark protection. TRADEMARK MANUAL OF EXAMINING PROCEDURE, October 2018 § 1301.01(b)(v). *See e.g.*, *In re Florists' Transworld Delivery, Inc.*, 119 USPQ2d 1056, 2016 WL 3997062 at **5-6 (TTAB May 11, 2016) (providing general information or instructions as to the purpose and uses of applicant's goods is merely incidental to the sale of goods, not a separate informational service); *In re Congoleum Corp.*, 222 USPQ 452, 1984 WL 63046 at **3-4 (TTAB May 29, 1984) (holding that to be a registrable service, the activity must operate in a way that confers a benefit unrelated to the sale of the goods and the benefit must be one that is not normally expected of a manufacturer in that field); *In re Moore Bus. Forms Inc.*, 24 USPQ2d 1638, 1992 WL 336795 at *2 (TTAB Sept. 11, 1992) (paper manufacturer that rates the recycled content and recyclability of its own products is merely providing information about its goods, not rendering a separate service to others).

Here, in the Amended Complaint, Plaintiff alleges nothing more than the provision of information about cannabis and cannabis products on its website, including a blog. Amended Complaint at ¶ 9. The website <veritascannabis.com> provides general information about Plaintiff's products, their purpose, use, and selection. The alleged blog, <veritascannabis.com/weed-words> provides general information about Plaintiff's products. *See*

*e.g.*, https://www.veritascannabis.com/post/choosing-your-own-adventure ("the latest insights on the [Veritas Fine Cannabis] brand"), https://www.veritascannabis.com/post/the-standard-is-excellence ("So Why Choose Veritas?"), and https://www.veritascannabis.com/post/terp-talk-terpenes-101 ("[Veritas Fine Cannabis] will be sharing an inside look at what we do here at Veritas Fine Cannabis").[7]

Plaintiff's provision of information is "incidental" to the sale of Plaintiff's products and therefore not eligible for trademark protection.  Notably, none of the changes Plaintiff made in its Amended Complaint address this most basic requirement to show it has a protectable interest in a common law trademark.

> b)  *Plaintiff's Provision Of Information About Cannabis And Cannabis Products Is Not A Use In Commerce.*

The Lanham Act requires that a mark be used "on or in connection with any goods or services" and be used in commerce.  15 U.S.C. § 1125(a).  Here, Plaintiff's only alleged use, providing information about cannabis and cannabis products on the website <veritascannabis.com> is not in connection with services in commerce.  Amended Complaint at ¶ 9.

Courts have repeatedly found that mere provision of information on a website is not a use of the mark on goods or services in commerce.  *Dalkita, Inc. v. Distilling Craft, LLC*, 356 F.Supp.3d 1125, 1139 (D. Colo. 2018) *quoting Specht v. Google, Inc.*, 758 F.Supp.2d 570, 593 (N.D. Ill. 2010) ("Allowing a mark owner to preserve trademark rights by posting the mark on a functional yet almost purposeless website, at such nominal expense, is the type of token and residual use of a mark that the Lanham Act does not consider a bona fide use in commerce.");

---

[7] All accessed on Oct. 14, 2020.

*Aviva USA Corp. v. Vazirani*, 902 F.Supp.2d 1246, 1259 (D. Ariz. 2012) (finding Defendant's maintenance of a website was not commercial use where it did not offer goods or services for sale on the website, contain links to other sites that offered goods or services for sale, and Defendants never attempted to sell the website or domain name); *Davis v. Avvo Inc.*, 345 F.Supp.3d 534, 540 (S.D.N.Y. 2018) (provision of online informational directory of attorneys was not commercial).

The Amended Complaint does not allege, and Defendants have found no evidence supporting an allegation that, the information provided by Plaintiff are provided in return for a fee or other consideration from the user.  *See* Amended Complaint at ¶ 9.  Indeed, there is no assertion that Plaintiff makes any money or derives any commercial goodwill from the mere provision of informational services on its website.  *Radiance Foundation, Inc. v. NAACP*, 786 F.3d 316, 326 (4th Cir. 2015) (The mere provision of "informational services" without any commercial or transactional component is not use of an alleged mark on a good or service in commerce).  Where, as here, an alleged mark is used to only provide "informational services" without a commercial component, the alleged mark is not protectable under the Lanham Act.

Additionally, Plaintiff is not entitled to use the "natural zone of expansion" doctrine to allege a protectable interest in the alleged trademark.  The Complaint, by its plain terms, alleges that the CBD products sold by Defendants are federally illegal and therefore not eligible to fulfill the use requirement of the Lanham Act.  Amended Complaint at ¶ 29.  Thus, Plaintiffs may also not rely upon an intended expansion into the sale of CBD products in their Complaint to support a claim of trademark infringement—a legally prohibited expansion (which is what the Amended Complaint alleges here) negates the application of the natural zone of expansion doctrine.  *Bay*

*State Savings Bank v. Baystate Financial Svcs.*, 484 F.Supp.2d 205, 217 (D. Mass. 2007) (finding natural expansion doctrine did not apply because plaintiff was legally prohibited from entering claimed zone of expansion).  Moreover, Plaintiff has failed to allege any basis for a consumer to believe that a Colorado-based marijuana dispensary would expand its offerings nationwide into CBD-related products or allegedly legal smokeable hemp, a requirement for the natural zone of expansion doctrine.  RESTATEMENT (THIRD) OF UNFAIR COMPETITION, § 21(e) ("when the goods, services, or business of the actor differ in kind from those of the other, the likelihood that the actor's prospective purchasers would expect a person in the position of the other to expand its marketing or sponsorship into the product, service, or business market of the actor.")  Plaintiff's sale of cannabis products is limited by law to the state of Colorado—there is no basis for any consumers to think they would expand their geographic reach or product lines any further.

> c)    *Plaintiff's Webpage Is Advertising And Cannot Establish Common Law Trademark Rights.*

For a webpage to serve as an acceptable use in commerce, there must be a method of ordering goods from the website.

> [A] web page that merely provides information about the goods, but does not provide a means of ordering them, is viewed as promotional material, which is not acceptable to show trademark use on goods. … Merely providing a link to the websites of online distributors is not sufficient.  There must be a means of ordering the goods directly from the applicant's web page, such as a telephone number for placing orders or an online ordering process.

Trademark Manual of Examining Procedure, October 2018 § 904.03(i) (citations omitted).  Here, the Amended Complaint says nothing about selling cannabis, cannabis products, or information about cannabis and cannabis products on the alleged website <veritascannabis.com>.  A review

of that website confirms that there is no means to order cannabis or cannabis products directly from the website, and no means to order "information about cannabis and cannabis products" from the website. The website <veritascannabis.com> is thus promotional material, which is not acceptable to show trademark use.

In the Amended Complaint, the Plaintiff states that it sells "hats, t-shirts, sweatshirts, lighters, ash trays, stickers, and other similar items" on its website.  Amended Complaint at ¶ 9. However, the Plaintiff does not, and cannot, explain how the provision of informational services regarding cannabis relates to the sale of items such as t-shirts, lighters, etc.  Additionally, the Complaint does not, and cannot, allege that Defendants infringe Plaintiff's alleged mark by selling t-shirts, lighters, etc. because Defendants do not sell those items.  Amended Complaint at ¶ 16.  ***The only good or service that the Complaint alleges is relevant to this lawsuit is the provision of "information services"—a service that is not used in commerce as required by the Lanham Act.***  Thus, because all of the counts require Plaintiff to have a valid and enforceable interest in the alleged mark but the Amended Complaint does not properly make such an allegation, the Amended Complaint fails to state a claim and the Court should dismiss the Amended Complaint with prejudice as to all of the counts.

### 2. Plaintiff Has Not Sufficiently Pled That The Defendant Has Used An Identical or Similar Mark In Commerce.

Plaintiff claims to own two common law trademarks, namely the "V Design Mark" and "VERITAS" mark for providing informational services about cannabis and cannabis products. Amended Complaint at ¶¶ 9-11.  Plaintiff identifies three domain names as "Infringing Domains" in the Amended Complaint but fails to allege any facts as to how those alleged "Infringing Domains" provide informational services about cannabis and cannabis products.  Amended

Complaint at ¶ 19.  The Amended Complaint also identifies alleged "Infringing Marks."  *Id.* at ¶ 20.  However, the Amended Complaint fails to allege any facts as to how those alleged "Infringing Marks" are used to provide informational services about cannabis and cannabis products.  *Id.*

In the Amended Complaint, Plaintiff added bald, unsupported allegations that the Plaintiff's alleged common law trademarks and Defendant's alleged trademarks are similar in appearance and are used on similar products, *i.e.* cannabis products and provision of information about cannabis.  Amended Complaint at ¶¶ 22-23.  However, because the Complaint alleges that cannabis products are federally illegal, any alleged use of the alleged trademarks on cannabis products is nothing more than a red herring.  Additionally, because, as described above, neither party actually uses the alleged trademarks to provide information about cannabis in commerce as required by the Lanham Act, the Amended Complaint fails.

### 3.    Plaintiff Has Not Sufficiently Pled That Defendant's Use Is Likely To Confuse Consumers.

The 10th Circuit has provided a list of non-exhaustive factors for determining whether a likelihood of confusion exists: (1) similarity of the marks, (2) intent of the alleged infringer, (3) evidence of actual confusion, (4) similarity of the competing parties' services and manner of marketing, (5) degree of customer care, and (6) strength of the marks.  *1-800 Contacts*, 722 F.3d at 1239.  Plaintiff has failed to properly allege any of the factors discussed above exist here, instead ignoring the factors or relying on conclusory statements the Court need not accept as true.  *Moses-El*, 376 F.Supp.3d at 1170 (the courts "discard[] those averments in the Complaint that are merely legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" when considering a Rule 12(b)(6) motion).  Thus, the

Court should dismiss Count I for the additional reason that the Amended Complaint fails to properly plead likelihood of confusion.

First, as discussed above, taking all allegations in the Amended Complaint as true, Plaintiff has failed to properly plead it has a protectable interest in the alleged trademark. Thus, the Amended Complaint fails to sufficiently plead the first factor, "similarity of the marks."

Next, the Amended Complaint is utterly devoid of any facts alleging that Defendants chose to use Plaintiff's alleged mark to create confusion in consumer's minds regarding the source of Defendants' "information services" as required by the second factor, "intent of the alleged infringer." Indeed, Defendants would have no reason to do so, given that Defendants are a larger and more well-known company that operates nationally while Plaintiff is restricted to selling its marijuana products only in the state of Colorado. Instead of providing a factual basis for its assertions, the Amended Complaint simply recites that Defendants chose the Infringing Marks to create customer confusion, despite no evidence that Defendants even knew about Plaintiff's alleged use of its alleged common law marks. Amended Complaint at ¶ 27. Although the Court must accept factual allegations as true, it need not accept the bald recitations of legal conclusions here. *Moses-El*, 376 F.Supp.3d at 1170. Thus, the Amended Complaint fails to allege factor two.

With respect to the third factor, "evidence of actual confusion," the Amended Complaint provides nothing more than an unsupported assertion that "consumers on social media websites and other information service channels have mistakenly tagged Plaintiff as Defendants . . . ." Amended Complaint at ¶ 25. This allegation is notable in its lack of specificity and fails to

allege actual confusion by ***actual customers*** of Plaintiff's alleged informational services.[8]  At best, it says that some people who may or may not have gone to either party's website and who may or may not be aware of these websites used a social media hashtag improperly.  The Amended Complaint does not allege that these people are customers of informational services (indeed, it cannot because the parties do not sell informational services).  Thus, even taking the allegation as true, the Complaint does not properly allege actual confusion.

With respect to the fourth factor, "similarity of the competing parties' services and manner of marketing," the Amended Complaint also fails to properly plead that it serves the same customers as Defendants in the same markets.  In fact, it fails to define its "customers" and "markets" for informational services regarding cannabis at all, let alone whether those customers and markets are similar.  It it's Amended Complaint, Plaintiff recites that the parties offer goods and services in the same channels of trade including CBD and other cannabis products, but fails to explain how the parties operate in the same markets with the same customers in the market for information services, the allegedly relevant "service." Amended Complaint at ¶ 38.  It also fails to address what, if any, marketing the parties conduct for their alleged "informational services."[9] Thus, the Amended Complaint fails to allege factor four.

Similarly, with respect to factor five, "degree of customer care," the Amended Complaint utterly fails to address the level of care exercised by "customers" when choosing informational services regarding cannabis.

---

[8] Notably, Plaintiffs did not add any additional information with respect to this alleged actual confusion in their Amended Complaint.

[9] Of course, the parties do not market their "informational services," because they do not offer those services in commerce as required by the Lanham Act.

And, the Amended Complaint fails to address or weigh the relative strengths of the alleged marks of the parties in the field of informational services as required by factor six, "strength of the marks."

In sum, the Amended Complaint fails to properly allege any facts that state a claim that there is a likelihood of confusion between the Plaintiff and Defendants' alleged marks.

Finally, the Court must also dismiss the Amended Complaint for failure to state a claim because it provides no factual allegations or basis for its bald statement of Plaintiff's subjective believe they have or will be harmed by Defendants' alleged infringement.   In order to state a claim under the Lanham Act, a plaintiff must offer more than just a "mere subjective belief that he is injured or likely to be damaged."   *Davis*, 345 F.Supp.3d at 543.   Here, the Amended Complaint alleges only an unsupported subjective belief that Plaintiffs have been or will be harmed.   Amended Complaint at ¶¶ 59, 63.   Indeed, although Plaintiff had the opportunity to amend its Complaint to allege more than a mere subjective belief it is likely to be injured by Defendants' alleged conduct, Plaintiff failed to do so, because Plaintiff has not and will not be injured.   Plaintiff cannot argue that it will lose sales of its primary products—marijuana-based products—because it cannot allege any federal trademarks cover such products.   Plaintiff also cannot allege that Defendants are being unjustly enriched from alleged trademark infringement for the same reason.   Indeed, it appears that even if Plaintiff were to prevail in this litigation (it should not because, *inter alia*, it is not harmed by Defendants' alleged conduct), it would be entitled to nothing.   Because the Complaint fails to allege more than a subjective belief Plaintiff will be harmed by Defendants' alleged trademark infringement, it fails to state a claim upon which relief may be granted.

**D.    Plaintiff Has Failed To State A Claim for Violation Of The Anti-Cybersquatting Consumer Protection Act Under 15 U.S.C. § 1125(d) (Count III).**

Plaintiff has attempted to bring a claim for violation of the Anti-Cybersquatting Consumer Protection Act based on Defendant's alleged registration of the internet domain names <theveritasfarms.com>, <theveritaswellness.com>, and <myveritasfarms.com>.    Amended Complaint at ¶¶ 50-55.   To sufficiently plead this claim, Plaintiff must allege facts establishing each of the following elements:

> (1) The defendant has registered, trafficked in or used a domain name;
> (2) Which is identical or confusingly similar to a mark owned by the plaintiff;
> (3) The mark was distinctive at the time of the defendant's registration of the domain name;
> (4) The defendant has committed the acts with a bad faith intent to profit from the plaintiff's mark.

5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25A:50 (5th ed.); *see also Cleary Bldg.,* 674 F.Supp.2d at 1263.  Because, as discussed above, Plaintiff does not have a protectable interest in the alleged trademarks, Plaintiff has failed to properly allege at least element two, which requires a mark be owned by the Plaintiff.   Plaintiff has also failed to properly allege element three.  As discussed in Section IV.B *supra*, Plaintiff cannot have trademark rights in its alleged trademarks prior to December 18, 2018. Plaintiff admits that two of the allegedly infringing domain names were registered prior to December 18, 2018.  Amended Complaint at ¶ 17.  Plaintiff also admits that the third allegedly infringing domain name does not maintain any content on the website.  Amended Complaint at ¶ 18.

Plaintiff also has failed to properly plead element four of its cybersquatting claim. Plaintiff alleges bad faith intent on the part of Defendants' when registering the alleged Infringing Domains.  Notably, however, this is merely a bald legal assertion with no factual

basis. Plaintiff provides *no* evidence or even a hint of specificity regarding this alleged bad faith—it simply makes the legal assertion. Amended Complaint at ¶ 52. The Court should not accept this legal conclusion as true in the absence of any factual allegations or support. Therefore, Count III should be dismissed for failure to state a claim upon which relief can be granted.

   **E.     Plaintiffs Are Not Entitled To A Declaratory Judgment Because There Is No Justiciable Dispute Between The Parties (Count V).**

   Finally, because there is no justiciable issue or dispute between the parties, the Court must also dismiss Plaintiff's request for a Declaratory Judgment. In order to obtain a Declaratory Judgment, there must be an actual, justiciable dispute between the parties. 28 U.S.C. § 2201 (requiring an "actual controversy"). As discussed above, however, neither party uses the alleged VERITAS mark to provide "informational services" in commerce, it is not a trademark for those purposes, and Plaintiff's claims fail. At best, taking all of the allegations in the Amended Complaint as true, Plaintiff may have a protectable interest in the use of the mark VERITAS on goods like t-shirts, lighters, and ashtrays—but the Amended Complaint does not allege this. Moreover, the Amended Complaint does not allege (because it cannot) that Defendants sell or offer for sale any products that compete with t-shirts and lighters. Amended Complaint at ¶ 16. Thus, there is no competition between the parties and therefore no justiciable dispute between the parties. The Court must dismiss Count V for failure to state a claim.

   **F.     Plaintiff Has Failed To State Claims For False Designation of Origin and Unfair Competition, and Common Law Unfair Competition (Counts II and IV).**

   Where, as here, allegations of Lanham Act and Common Law unfair competition are based on the same set of facts as a claim of trademark infringement under the Lanham Act, a

plaintiff must plead the same elements as the trademark infringement claim to state a claim for violations under Lanham Act and Common Law unfair competition.  *Cleary Bldg.*, 674 F.Supp.2d at 1269-70.  Because, as discussed more fully above, Plaintiff has failed to state a claim upon which relief may be granted for trademark infringement under the Lanham Act, its allegations regarding Lanham Act unfair competition (Count II) and common law unfair competition (Count IV) also fail to state a claim upon which relief should be granted.  Thus, the Court should dismiss Counts II and IV for failure to state a claim.

## V.    CONCLUSION

For the reasons stated herein, the Court should dismiss with prejudice all of the Counts of the Amended Complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Dated: October 14, 2020

s/ Brian C. Bianco
Brian C. Bianco
Robyn M. Bowland
AKERMAN LLP
71 S. Wacker Drive, Floor 47
Tel. (312) 574-5700
Fax. (312) 424-1900
brian.bianco@akerman.com
robyn.bowland@akerman.com

*Attorneys for Defendants Veritas Farms, Inc. and 271 Lake Davis Holdings, LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of October, 2020, a true and correct copy of the foregoing **MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12** was served on all counsel of record via email:

<u>s/ Brian C. Bianco</u>
Brian C. Bianco