**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02017

CARRICK-HARVEST, LLC d/b/a VERITAS FINE CANNABIS,
a Colorado limited liability company,

                                                Plaintiff,

v.

VERITAS FARMS, INC., a Nevada corporation;
271 LAKE DAVIS HOLDINGS, LLC d/b/a VERITAS FARMS,
a Delaware limited liability company,

                                                Defendants.

**PLAINTIFF CARRICK-HARVEST, LLC D/B/A
VERITAS FINE CANNABIS' RULE 72(a) OBJECTIONS
TO RECOMMENDATION OF MAGISTRATE JUDGE**

       Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Plaintiff Carrick-Harvest, LLC d/b/a Veritas Fine Cannabis ("Plaintiff") hereby objects to the Recommendation of United States Magistrate Judge (Doc. No. 45) ("Recommendation") as follows:

**I.     INTRODUCTION**

       Plaintiff respectfully requests this Court to reject the Recommendation on Defendants' Motion to Dismiss Amended Complaint for Failure to State a Claim under Federal Rule of Civil Procedure 12 (Doc. 37) for two primary reasons.  First, the Recommendation fails to grant leave to amend, which, under these circumstances, is clearly erroneous and contrary to law based on Plaintiff's newly-issued federal trademark registration.  Second, the Recommendation erroneously concludes that the trademark infringement claim should be dismissed without leave to amend

because Defendants have not used an identical or similar mark in commerce with regard to the provision of cannabis-related information, which is not the applicable test for trademark infringement.

## II. LEGAL ARGUMENT

### A. Applicable Standard of Review

When a party timely objects to a magistrate judge's recommendations, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

### B. The Recommendation Is Clearly Erroneous and Contrary to Law Because It Fails to Consider Plaintiff's Federal Registration and Improperly Denies Leave to Amend

The Recommendation's conclusion that this Court should dismiss the trademark infringement and unfair competition claims "as a matter of law for failure to show a mark is used [by Plaintiff] in commerce" and that an amendment "is likely to prove futile" is clearly erroneous and contrary to law. (*See* Doc. 45 at 17-18.)

First, the Recommendation does not consider (or even reference) the fact that as of the date that Plaintiff filed its Opposition (Doc. No. 43) to the Motion to Dismiss, Plaintiff owned a federal trademark registration for its Veritas design mark, U.S. Reg. No. 6,191,602, in Class 35 for the very service Defendants claim is ineligible for trademark protection, and for the very service the Recommendation found does not constitute "use in commerce." (Doc. 43 at 2) ("On November 3, 2020, Plaintiff obtained federal trademark registration for its Veritas design mark . . .") In particular, the Recommendation holds, "Plaintiff has not adequately pleaded that its Veritas Marks

2

constitute a use in commerce," and does not grant Plaintiff leave to amend, even though 15 U.S.C. § 1115 explicitly provides that a federal registration is *prima facia* evidence to the contrary:

> Any registration issued under the Act of March 3, 1881, or the Act of February 20, 1905, or of a mark registered on the principal register provided by this chapter and owned by a party to an action shall be admissible in evidence and ***shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce*** on or in connection with the goods or services specified in the registration . . . .

15 U.S.C. § 1115(a) (emphasis added). Moreover, the FAC pleads that Plaintiff's Statements of Use were accepted by the USPTO on September 29, 2020, with respect to two applications for the Veritas Marks, Serial Nos. 88809088 and Serial No. 88805931, and that "the registration will issue imminently." (Doc. 25, ¶¶ 12(b), 12(e).) Thus, the Recommendation's Order that the First Amended Complaint ("FAC") be dismissed ***without leave to amend*** is clearly erroneous and contrary to law: Plaintiff's ownership of a registered trademark, alone, establishes that Plaintiff has used the Veritas Marks in commerce and that Plaintiff has sufficient rights to obtain relief under the Lanham Act. Upon issuance of its trademark registration, Plaintiff is entitled to the presumption that it uses its mark in commerce and that it has the exclusive right to use the Veritas Marks in commerce, and Plaintiff should be afforded the opportunity to amend its FAC to allege claims for trademark infringement under 15 U.S.C. § 1114.

### C.  The Recommendation Is Clearly Erroneous and Contrary to Law Because It Recommends Dismissal Based on a Finding that the FAC Does Not Adequately Plead Defendants Use a Similar Mark in Commerce

The Recommendation erroneously holds that for trademark infringement to exist, the parties must both use the marks with regard to the provision of cannabis-related information. That is incorrect. First, "[t]he vast majority of modern decisions have adopted the rule that competition is not necessary between the parties for there to be a likelihood of confusion. Confusion, or the likelihood of confusion, not competition, is the real test of trademark infringement." 4 McCarthy

3

on Trademarks and Unfair Competition § 24:13 (5th ed.)  Indeed, "[t]he key inquiry in a trademark infringement case is the likelihood of confusion between two similar marks." *Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 832 (10th Cir. 2005).  In *Team Tires Plus*, the Tenth Circuit reversed the district court's failure to analyze the likelihood of confusion caused by the defendant's use of "Tires Plus."  The Court rejected the district court's finding that "no jury could find trademark infringement because the defendant was not engaged in a 'competing use' of the plaintiff's mark." *Id.* at 833.  In noting that the basic premise that a trademark provides protection only when the defendant uses the mark on directly competing goods "is no longer good law," the Court further held that "while 'the relation in use ... between the goods' is a relevant factor in the likelihood-of-confusion analysis . . .  the district court was wrong to treat this factor as dispositive simply because the defendant did not use the mark on competing goods." *Id.* at 834.

Likewise, here, the question of whether Defendants are using VERITAS FARMS on directly competitive goods or services is not dispositive. Clearly, Defendants use VERITAS FARMS in connection with their offering of goods and services in commerce, and it is not necessary for the Court to find that the parties directly compete in order for Plaintiff to state a claim for trademark infringement.

The very reason that direct competition is *not* the test is illustrated by the Recommendation, which finds that Plaintiff's allegations demonstrate that the six factors for likelihood of confusion identified in *1-800 Contacts v. Lens.com*, 722 F.3d 1229 (2013) "weigh *in favor* of finding likelihood of confusion."  (Doc. 45 at 15-16) (emphasis added).  Indeed, the Recommendation notes that Plaintiff not only pleads likelihood of confusion, but pleads actual confusion, based on its allegations that "consumers on social media websites and other information service channels have mistakenly tagged Plaintiff as Defendants."  (Doc. 45 at 15.)  Thus, regardless of whether

4

Defendants use VERITAS FARMS on directly competing goods or services, the FAC more than adequately pleads a likelihood of confusion, and thus infringement, based on the parties' respective use of their marks in commerce.

Moreover, with respect to Plaintiff's claim for false designation of origin/unfair competition arising under the Lanham Act, the same analysis applies. In other words, unfair competition may exist even if there is no actual "competition" because courts do not require that parties have a directly competitive relationship in order to state a claim under the Lanham Act. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1392, 188 L. Ed. 2d 392 (2014). Here, the Recommendation's narrowly restrictive interpretation of Defendants' "use in commerce" leads to the erroneous conclusion that Plaintiff does not state a claim for trademark infringement or false designation of origin/unfair competition under the Lanham Act, and Plaintiff requests the Court reject such findings.

### III.   CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint (Doc. 43), Plaintiff respectfully objects to the Recommendation's conclusions regarding whether (i) Plaintiff should be granted leave to amend; and (ii) Plaintiff adequately pleads a claim of trademark infringement based on Defendants' use of VERITAS FARMS. Plaintiff further requests the Court to sustain the objections, deny the Motion to Dismiss, or if the Court Grants the Motion, give Plaintiff leave to amend the FAC.

### IV.   CONFERRAL

Undersigned counsel conferred with counsel for Defendants Veritas Farms, Inc. and 271 Lake Davis Holdings, LLC d/b/a Veritas Farms (collectively "Defendants"), who advised that Defendants oppose the relief requested in this Objection.

DATED:  February 8, 2021

                              **RESPECTFULLY SUBMITTED,**

                              */s/ Sharon A. Urias*
                              Sharon A. Urias
                              **GREENSPOON MARDER LLP**
                              8585 E. Hartford Drive, Ste. 700
                              Scottsdale, AZ  85255
                              Telephone:  480.306.5458
                              Email:  sharon.urias@gmlaw.com

                              */s/ Stuart Knight*
                              Stuart Knight
                              **GREENSPOON MARDER LLP**
                              1144 15th Street, Suite 2700
                              Denver, CO 80202
                              Telephone:  303.665.0860
                              Email:  stuart.knight@gmlaw.com


                              *Attorneys for Plaintiff Carrick-Harvest, LLC d/b/a Veritas Fine Cannabis*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 8, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.


 */s/ Stuart Knight*