## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02017-RM

CARRICK-HARVEST, LLC d/b/a VERITAS FINE CANNABIS,
a Colorado limited liability company,

       Plaintiff,

v.

VERITAS FARMS, INC., a Nevada corporation;
271 LAKE DAVIS HOLDINGS, LLC d/b/a VERITAS FARMS,
a Delaware limited liability company,

       Defendants.

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 72(a) OBJECTIONS TO RECOMMENDATION OF MAGISTRATE JUDGE

---

**TABLE OF CONTENTS**

I.    INTRODUCTION............................................................................................................. 1

II.   ARGUMENT ................................................................................................................... 1

      A.    The Court Should Adopt the Recommendation Because It
            Properly Found Plaintiff Has Not Used Its Alleged Common
            Law Trademark in Commerce .............................................................................. 2

      B.    The Court Should Adopt the Recommendation Because It
            Properly Found Plaintiff Failed to Adequately Allege
            Defendant's Allegedly Infringing Activities........................................................ 4

      C.    The Court Should Dismiss Plaintiff's Cybersquatting Count III
            with Prejudice...................................................................................................... 6

III.  CONCLUSION ............................................................................................................... 6

## I.   INTRODUCTION

The Court should adopt the Recommendation of United States Magistrate Judge ("Recommendation") with one adjustment—all Counts of Plaintiff-Carrick Harvest, LLC's ("Plaintiff") First Amended Complaint ("FAC") should be dismissed with prejudice.  Dkt. No. 45 (Recommendation); Dkt. No. 25 (FAC).   The Recommendation properly determined that dismissal was appropriate for two independent reasons, namely the FAC: (1) failed to state  a protectible interest in its alleged common law trademarks, and (2) failed to adequately allege facts to support the conclusion that Defendants Veritas Farms, Inc. and 271 Lake Davis Holdings, LLC (together "Defendants") infringe the alleged common law trademarks.   The Recommendation determined amendment of Counts I, II, IV, and V would be futile.

Plaintiff's Objection should be rejected.  Dkt. No. 46, Plaintiff Carrick-Harvest, LLC d/b/a Veritas Fine Cannabis' Rule 72(a) Objections to Recommendation of Magistrate Judge ("Objection").  Plaintiff improperly relies on irrelevant trademarks not at issue in this case, as well as inapposite legal arguments about "direct competitors" which has nothing to do with the FAC's deficiency of facts to state a claim for infringement.   In addition, Plaintiff's Cybersquatting allegations (Count III) are based on its non-existent common law trademarks. Because Plaintiff has no common law trademark, any amendment of Plaintiff's Cybersquatting claim would also be futile.

## II.   ARGUMENT

The Objection fails to address the Recommendation's actual findings and instead asks the Court to reject the Recommendation based on red herring arguments.  The Court should adopt the Recommendation's findings and dismiss all of Plaintiff's claims with prejudice.

**A.      The Court Should Adopt the Recommendation Because It Properly Found Plaintiff Has Not Used Its Alleged Common Law Trademark in Commerce**

The Recommendation found that Plaintiff has not used its alleged common law trademark in commerce and therefore does not have a protectible interest in the alleged common law trademark.  Recommendation at pp. 13-14.  Plaintiff, ignoring that the FAC accuses Defendants of infringement of an alleged **common law** trademark, focuses its Objection to these findings on the alleged failure of the Recommendation to consider the existence of **federally registered trademarks not at issue in this case**.  Objection at pp. 2-3.  The Court should reject Plaintiff's arguments and adopt the Recommendation because the alleged existence of federally registered trademarks is irrelevant to Plaintiff's common law trademark claims.

Indeed, different sections of the Lanham Act apply to alleged infringement of a common law trademark (15 U.S.C. § 1125(a)) and a federally registered trademark (15 U.S.C. § 1114(1)).  *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013).  The FAC does not allege infringement of a federally registered trademark pursuant to Section 1114.  *See* FAC at ¶¶ 36-66 (relying solely on Section 1125 and common law for Plaintiff's Claims for Relief).   In order to properly allege infringement of its alleged **common law** trademark, Plaintiff must allege that it used the alleged common law trademark in commerce.  Recommendation at pp. 11-13.[1]

_____

[1] *See Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research*, 527 F.3d 1045, 1054 (10th Cir. 2008) (mere use on the internet does not meet the requirement that a trademark must be used in connection with goods or services); *Dalkita, Inc. v. Distilling Craft, LLC*, 356 F.Supp.3d 1125, 1139 (D. Colo. 2018) (merely using a mark on a website, without more, is not a "bona fide use in commerce"); *Aviva USA Corp. v. Vazirani*, 902 F.Supp.2d 1246, 1259 (D. Ariz. 2012) (Defendant's maintenance of a website was not commercial use where it did not offer goods or services for sale on the website or contain links to other sites that offered goods or services for sale); *Davis v. Avvo Inc.*, 345 F.Supp.3d 534, 540 (S.D.N.Y. 2018) (provision of online informational directory of attorneys was not commercial).

The Recommendation properly found Plaintiff has failed to adequately allege such use, and therefore properly recommended Plaintiff's Complaint be dismissed with prejudice.

Contrary to the Objection's argument, Plaintiff's alleged federally registered trademark is not evidence that it has used its alleged common law trademark in commerce.  *See* Objection at p. 3.   Plaintiff's alleged registered trademark is separate and distinct from its common law trademarks.  The alleged registered trademark does not cover the same scope of services Plaintiff seeks to claim as the alleged scope of its common law trademark.[2]  The Recommendation relies on Plaintiff's failure to properly allege it has used its alleged **common law** trademark, the only alleged trademark at issue in the FAC.  Thus, the Court should adopt the Recommendation and dismiss all of Plaintiff's claims in the FAC.

Indeed, the Court should dismiss **all** Counts of the FAC with prejudice based on Plaintiff's inability to adequately plead a protectible interest in its alleged common law trademark.  As properly discussed in the Recommendation, Plaintiffs had the opportunity to amend their complaint to address this issue, but Plaintiff's FAC still fails to adequately plead commercial use.   Moreover, as evidenced by Plaintiff's exclusive reliance on its irrelevant alleged federally registered trademarks, any additional amendment would be futile.

---

[2] U.S. Reg. No. 6,191,602/U.S. Serial No. 88805931 allegedly covers "Providing consumer information in the field of marijuana, cannabis and cannabis-infused products" while the FAC claims a common law trademark in either "providing information about cannabis and cannabis products."  FAC at ¶¶ 9, 37.   Thus, the FAC claims a much broader common law trademark than Plaintiff's alleged, irrelevant, registered trademark. U.S. Serial No. 88809088 covers "lighters for smokers; ashtrays," which has absolutely nothing to do with information services at all.

**B.     The Court Should Adopt the Recommendation Because It Properly Found Plaintiff Failed to Adequately Allege Defendant's Allegedly Infringing Activities.**

The Recommendation also found that Plaintiff failed to adequately allege that Defendants have used an identical or similar mark in commerce with regard to the provision of cannabis-related information (the second element of trademark infringement).  Recommendation at pp. 14-15; *1-800 Contacts*, 722 F.3d at 1238.[3]  The Recommendation's finding was based on Plaintiff's conclusory and insufficient pleading with respect to Defendant's alleged infringing activities. Recommendation at pp. 14-15.  Specifically, the Recommendation states, "The Court finds no basis in the FAC to conclude that Defendants have used an identical or similar mark in commerce with regard to the provision of cannabis-related information." *Id.* at 15.

In response to this, the Objection does not address the FAC's lack of facts.  Rather, the Objection attempts to change the narrative, arguing that (1) it has properly alleged likelihood of confusion (which is the third, not second element of trademark infringement) and (2) actual competition between parties is not required to properly allege trademark infringement (an argument not relied upon in the Recommendation).  Objection at pp. 3-5.

Plaintiff's arguments regarding likelihood of confusion are inapposite.  The Recommendation's finding regarding the sufficiency of Plaintiff's likelihood of confusion allegations assumes for the purpose of argument that Plaintiff had properly alleged the first two elements.  Recommendation at p. 15 ("Assuming that a similar or identical mark has been used in commerce, the Court finds . . . ").  As discussed above, the Recommendation properly found

[3] Even if the Court decides to not adopt the Recommendation's findings with respect to Plaintiff's failure to adequately allege Defendants have used an identical or similar mark in commerce, Plaintiff's FAC should still be dismissed in its entirety with prejudice based on Plaintiff's inability to properly allege a protectible interest in a common law trademark.  *See* Section II.A, *supra*.

Plaintiffs did not adequately plead either of these elements.  Thus, the Recommendation's finding regarding the sufficiency of pleading of the third element of trademark infringement does not change the Recommendation's findings on the first two elements.

Additionally, Plaintiff's argument regarding "competing use" and "competing goods" between parties is not relevant to the lack of facts in the FAC. The Recommendation did not base its findings on an alleged lack of competition between the parties. Rather, the Recommendation found that Plaintiffs failed to adequately plead the second element of trademark infringement. Recommendation at pp. 14-15.  Plaintiff's arguments regarding competition in the marketplace are not relevant to FAC's failure to adequately plead that the Defendants use the alleged common law trademarks and should be rejected.

Moreover, the case law cited in the Objection does not support Plaintiff's arguments. First, *Team Tires Plus, Ltd. v. Tires Plus, Inc.* did not involve a situation in which the plaintiff had failed to properly allege infringing activities by the Defendant.  394 F.3d 831, 834-35 (10th Cir. 2005) (reversing district court based on finding that Plaintiff's mark covered franchising, which included Defendant's allegedly infringing activities).  *Lexmark Int'l, Inc. v. Static Control Components, Inc.* did not involve a federal trademark infringement claim at all—rather the claim in that case was based on false advertising.  572 U.S. 118, 122 (2014) (noting that Section 1125(a) creates "two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)," and that Lexmark had asserted only false advertising).  Plaintiff's Count II is based on Defendant's alleged "false designation of origin" and "infringement of Plaintiff's marks," not false advertising.  FAC at ¶¶ 42-49.  Thus, *Lexmark* is inapposite.

**C.     The Court Should Dismiss Plaintiff's Cybersquatting Count III with Prejudice.**

In addition to adopting the Recommendation, Defendants request the Court also dismiss Plaintiff's Cybersquatting Count III with prejudice.  Because Plaintiff has failed to adequately allege it owns a protectible trademark, it has failed to properly allege element two of a Cybersquatting claim, use by the Defendant of a trademark that is "identical or confusingly similar to *a mark owned by the plaintiff*."  5 McCarthy on Trademarks and Unfair Competition § 25A:50 (5th ed.) (emphasis added); *see also Cleary Bldg. Corp. v. Dame,* 674 F.Supp.2d 1257, 1263 (D. Colo. 2009).

The Recommendation found that the Cybersquatting claim should be dismissed without prejudice based on Plaintiff's failure to adequately allege bad faith pursuant to element four of a Cybersquatting claim, and therefore did not address Defendant's argument regarding Plaintiff's failure to properly allege the second element of the cause of action.  Recommendation at pp. 16-17; *id.* at n.5 ("In so finding, the Court does not address Defendants' other arguments."). However, even if Plaintiff were able to adequately allege such bad faith (it is not), it would still be unable to adequately allege a Cybersquatting claim because it does not have a protectible interest in its alleged common law trademark.   Section II.A, *supra;* FAC at ¶ 51; Recommendation at pp. 13-14.  Thus, Plaintiff's Cybersquatting Count fails in the same way as its other Counts, and the Court should therefore also dismiss it with prejudice.

## III.   CONCLUSION

For the reasons stated herein, the Court should adopt the Recommendation of the Magistrate Judge and dismiss with prejudice all of the Counts of the First Amended Complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Dated: February 22, 2021

s/ Brian C. Bianco
Brian C. Bianco
Robyn M. Bowland
AKERMAN LLP
71 S. Wacker Drive, Floor 47
Tel. (312) 574-5700
Fax. (312) 424-1900
brian.bianco@akerman.com
robyn.bowland@akerman.com

*Attorneys for Defendants Veritas Farms, Inc. and 271 Lake Davis Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2021, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 72(a) OBJECTIONS TO RECOMMENDATION OF MAGISTRATE JUDGE** was served on all counsel of record via email:

s/ Brian C. Bianco
Brian C. Bianco